The government doesn't dispute that Donzell McKinney's 924C conviction is based on the unconstitutional rules and laws of that statute. Instead, it's only defenses to McKinney's motion to vacate her procedural default and waiver. But recent decisions from this court resolve both of those issues in Mr. McKinney's favor. First, the government's procedural default defense fails under this court's decision in the United States v. Jackson and N. Ray Thomas. Jackson isn't distinguishable from this case in any meaningful way. Like McKinney, Jackson was challenging a 924C conviction based on Davis. Like McKinney, if Jackson had prevailed on the merits of his claim, he would have demonstrated that he was convicted under an unconstitutional statutory provision. And in Jackson, the government raised a procedural default similar to the one that it raises here. This court held that the government's procedural default argument failed in Jackson because in Thomas, the court had held that the Supreme Court's decision in Davis established a new rule of constitutional law made retroactive on collateral review. Furthermore, in Thomas, this court concluded that before the Supreme Court decided Davis, a Davis-based argument was unavailable to the judge. So, for the same reason that the government's procedural default argument failed in Jackson, it also fails here. McKinney has established cause because Johnson and Davis-based arguments were unavailable to him at the time of his conviction and direct appeal. And he's established prejudice because he's been convicted and sentenced under an unconstitutional statutory provision. And that is an actual and substantial disadvantage. McKinney also established actual innocence. You agree that there, I mean, one of the things that this case seems real through with not only procedural defaults, but waivers. You have an initial waiver in the plea agreement not to challenge the conviction or sentence. And then you're never brought up in the Davis challenge time of conviction, sentencing, or direct appeal. In other words, we have here both waivers and procedural defaults. And so you can only get around that by establishing cause and prejudice. Is that where we are? That's where we are. Of course, actual innocence is another way to get around the procedural default. You're not in the actual innocence because Bellesley requires factual innocence. That may be the case, Your Honor, but it doesn't matter in this case because under Jackson, Mr. McKinney establishes cause and prejudice. Cause because Johnson and Davis-based arguments were unavailable to him at the time of conviction and direct appeal. And prejudice because he's been convicted and sentenced under an unconstitutional statute. And with respect to the waiver issue under United States v. Cornett and United States v. Beck, McKinney's challenge to his 924C conviction falls outside the scope of his post-conviction waiver and his plea agreement by operation of law. And that's because everyone agrees that this 924C conviction is based on the unconstitutional residual clause, so it was beyond any court's authority to convict him under that statutory provision. So, just like the defendant in Beck, he's arguing that no court in any case can do what the district court did here. So, consequently, Cornett and Beck control here. The government's waiver argument has no merit under Beck. So, the government makes a lot of arguments in its brief, but none of them can evade this court's decisions in Thomas, Jackson, Cornett, and Beck. And in fact, the government hasn't even attempted to distinguish Jackson or Beck. It completely ignores Beck with respect to Jackson. Its only argument there is that this court's ruling on procedural default is not actually upholding the court, which is not. One question I have in terms of prejudice or actual innocence or whatever. One of the things that the courts look at with respect to guilty pleas. Prejudice is measured by whether there was a reasonable probability that the defendant or the petitioner here would not have pled guilty. And I went and reread the pre-sentence report here. And when the restaurant was robbed, one of the women in the restaurant was hit in the head by McKinney and other females outside. A gun was put to their head. A witness was ordered inside the restaurant. He discharges a firearm. These facts of the use of a gun in the course of the robbery are so vivid that if this individual had gone before a jury, the result would have been devastating. It would have been a duck dead in the water. And so if you look at prejudice in that light, given the fact that no objection was raised to those very sad and actually traumatic facts in the pre-sentence report. How can we say that there's prejudice in the sense? There are a lot of ways you can look at prejudice, but how can we say that there's prejudice in the sense that there's a reasonable probability he would not have pled guilty? He got a good deal. Well, actually, Your Honor, your comments point in a couple of different directions. First of all, the facts of the case, those are directed toward the actual innocence question. Actual innocence and prejudice have to mean something different because Bosley says that there are two ways to get around procedural default. Cause and prejudice is one and actual innocence is another. So prejudice can't be judged by actual innocence. By what? The standard that you're referring to is a standard that's used in effective assistance of counsel cases. And that is not the standard that we apply here. Really, the standard should come from Frady, which is an actual and substantial disadvantage. And in this proceeding, he was only charged with two offenses. One of them being the conspiracy and the other one being. I don't know why we wouldn't apply that here because whenever we have a case where someone is seeking to withdraw a guilty plea, the Supreme Court has been asking, well, is there a reasonable probability that they would not have pled guilty? And given the facts, unobjected to facts in the pre-sentence report, this is exactly the kind of crime that 924C is aimed at, which is the use of a gun in the course of a Hobbs Act robbery. And a jury trial would have turned out very poorly from your client's point of view. And the result would have been far less favorable than the guilty plea. Well, your honor is even getting away from the question of whether he would have pleaded guilty. Um, absent the court's mistake. And again, you're talking about actual innocence and that's something different from prejudice. Furthermore, even if you look at the question, whether he would have pleaded guilty, the facts in this case and the record from the from the two failed plea hearings, plus the final third one demonstrate that actually Mr. McKinney wasn't willing to plead guilty to the substantive Hobbs Act robbery or the 924C predicated on the substantive Hobbs Act robbery. So that even that standard doesn't ring true for him because he had a problem with pleading to the substantive Hobbs Act robbery. Well, that is the additional point that the plea was a pretty good deal. And how can there be prejudice if the government dismissed in return for a guilty plea to the conspiracy, the government dismissed the substantive count. And if he declined to plead to the conspiracy, Hobbs Act conspiracy at a time when that was still considered a crime of violence, that's that's been overruled now. But how can there be prejudice because there's no way the government was going to, in this case, given the facts, dismiss the substantive Hobbs Act count if the defendant was not even not going to plead guilty to Hobbs Act conspiracy. It seemed like a pretty decent deal. Well, you're on the right question that why was this a good deal? He got exactly the same thing from the information, the agreement that he would have gotten from the original. So I disagree with you that it was a good deal. And furthermore, if he had only pleaded guilty to the conspiracy to commit Hobbs Act robbery, all of the gun conduct would have come into consideration through the guidelines. So it's entirely possible that he would have gotten exactly the same sentence if he had only pleaded guilty to the conspiracy. So really, I think maybe you're talking past Judge Wilkinson a little bit when you're talking about what is the prejudice here. And let me make sure I understand your argument, because I understand your argument. You're saying the prejudice is he was convicted of an offense that no longer qualifies as a violent felon. Is that correct? Well, the prejudice is that he was convicted. He was clearly convicted under the unconstitutional residual clause. Right. So his conviction violates. It no longer qualifies. He no longer qualifies for the 924C conviction that was alleged in the information that he pleaded guilty to. Okay. And then what Judge Wilkinson is suggesting is an alternative theory, I think. Well, even if he has a constitutionally defective conviction, because it was predicated on that clause, what about the fact that he didn't object in the PSR to this evidence of the robbery? Why isn't he stuck with that? How can he claim prejudice if the unrebutted evidence in the record is that he committed a robbery? Well, for one thing, he gave up his trial rights by pleading guilty, and those certainly have some value. And in fact, I think it's the Davila case where the Supreme Court recently talked about how important those trial rights are to a defendant. And he wasn't going to waive those if he was required to plead guilty to a 924C predicated, unsubstantial clause act robbery. But I think the other interesting thing about this case is there actually was an indictment that was fully dismissed and then a subsequent information. So there really was nothing left in the information for him to plead guilty to except for the conspiracy once the 924C falls out. So that's another reason why in this proceeding, it was prejudicial to him that he was convicted under this. You see, the difficulty that I'm having with that, somewhat along the lines that Judge Keenan has suggested, you can get around the clear procedural default with cause and prejudice, or you can get around it with actual innocence. And it seemed to me when you were talking about he plead guilty to a crime that legally is not recognized because the crime of violence, runs into headwinds over the difference between factual and legal innocence. And I thought when reading your good brief that you were putting really the subtext of it or the emphasis of it was on the legal innocence. And I think Bowsley is a very difficult case to get around because Bowsley is dealing with factual innocence. And it's in this difference between legal, quote, legal innocence and factual innocence. That's very important because the facts here as described in an unobjected to pre-sentence report, they're absolutely damning. And they're very, they're very horrifying. It really was quite a brutal offense, which lies right at the heartland of 924C. So, I think that you've put forward, allow you to get around the procedural default and the waiver and there are all kinds of, I've seldom seen and haven't seen too many cases where they're both waivers and procedural defaults, which are meant to ensure a certain degree of finality to criminal proceedings, not complete finality, but a certain degree of finality. And I thought you were trying to circumvent the procedural default with something that sounded to me like actual innocence. And the facts are very, very difficult, I think, for you to overcome. I want to give you the last word. So, whatever you have to say, I would appreciate hearing. Well, I think that it's important to remember that under Basley, there are two different ways to avoid procedural default. And one of them is cause and prejudice. And this court's decision in United States v. Jackson is on the books, saying that the government's procedural default defense fails in that case, even though, in that case, the court held that the petitioner's conviction was actually not under the residual clause. So, really, the question is, is there a way to distinguish Jackson from this case? And the answer is, there's not. If Jackson's claim was not procedurally defaulted, then Mr. McKinney's claim couldn't have been either. Can you tell me, though, in words, what the prejudice is? In words, the prejudice is that he has been convicted and sentenced to 10 years imprisonment under a statutory provision of the Constitution. But if he had pled guilty to exactly the same thing in another, there wouldn't have been any prejudice, right? I mean, in other words, if he had an equal crime that he had committed and an equal sentence, you couldn't say that this one wouldn't come out. Everybody would agree that it would just come to the same sentence. Then there wouldn't be prejudice. And I think that sort of gets at the heart. Maybe that would be true if he had demonstrated a willingness to plead guilty. So, take this, just assume here, which I think is where Judge Wilkinson's questions have been leading you, that the record here shows that he would definitively have been convicted of and received the same sentence. So, what's wrong with saying that that shows that there is no prejudice? I think what's wrong with that is that that is the actual innocence inquiry, which has to be something different than the prejudice inquiry under Bowsley. So, if you are substituting an actual innocence inquiry by looking at the facts of the case to see whether another count would have been constitutional, then I think that you are engaging in the actual innocence inquiry. And you're also engaging in the inquiry, the Lewis v. Peterson inquiry, which asks whether any equally serious dismiss charges as opposed to more serious dismiss charges under Bowsley, whether the person would be actually innocent of those as well. And that can't be the test because, as I said, prejudice has to mean something other than actually innocent under Bowsley. Well, but by the same token, does it mean it would seem that prejudice has to mean something different than cause? And I'm not sure that under your analysis it does. Well, prejudice does mean something different under cause because under cause you're looking at what Mr. McKinney did or didn't do, right? But under Frady, under prejudice, you have to look at the court's error and what difference did the court's error make, not what Mr. McKinney failed to do. So, by looking at whether he would have pleaded guilty or not if he had raised the objection in the district court, you're looking at the wrong question. You're looking at what affects his failure to raise the issue as opposed to what affects the court's error in convicting him under a constitutional statute. Do you have a Fourth Circuit law on that particular point? Supreme Court law, Your Honor, in the United States v. Frady, very specifically says that under the prejudice, you should look to the effect of the court's error. But on this, you know, there have been a million cases like this, and what I'm talking about is this statute and this kind of thing. I mean, I found district court cases. I found unpublished cases. Right, I think that's true. There are not published decisions from this court except for Jackson. And I think that there are a couple reasons for that. I think one reason is in many cases the government doesn't raise these procedural defenses. Another reason is because many district court judges have already found cause of prejudice, so there's no appeal. And then a third reason is because this court has to grant a certificate of appealability. And so in a lot of these cases where the predicate offense actually, the court can look at it and say, oh, this is definitely a crime of violence, and the court just doesn't grant a certificate of appealability, and it just denies the appeal in a very short two or three sentence statement saying the court denies a certificate of appealability. I think that is why, despite the number of these cases that have occurred, there aren't a lot of others that we don't hear. Right. Okay. Thank you very much, Ms. Hester. Judge Wilkinson, I just have one more question. Oh, absolutely. Excuse me, Judge Monk. I wonder if you could address the 28-J letter. About the Gregorowitz case? So, yes, I have given that some thought. And I think that the most important thing to note is the court decided that case without granting cert. They do that sometimes. They grant cert and summarily procure and issue an opinion. They didn't do that in that case, which means that they never took jurisdiction over it under 28-J. I've never seen another thing like this. Well, it's very unusual. Have you ever found another thing? No, I've never seen it. So that's my first point. I don't think the court ever took jurisdiction of it to issue a decision on the merits under Gregorowitz or however you say it. I think the other point is the whole discussion between the statement and the dissent was all about whether it was appropriate to grant a GBR when the government wasn't arguing that the court of appeals had made a mistake. And you can see that in the statement and in the response. I mean, nobody thinks that this is a ruling on the merits on that waiver issue, except for the government. No, it's not true. If you look at the statement from Justice Kavanaugh, he says, Because the Seventh Circuit correctly concluded that defendants' additional guilty plea precluded any argument based on the new case law, this court has no appropriate legal basis. Yes. And I guess my point is if Justice Sotomayor had thought that that was a ruling on the merits, she certainly would have mentioned that in her response. But I think the reason that it's not is because the statute governing cert under that statute. I get what you're saying, but five people joined that statement. I know. And all five of those people were on the Supreme Court. I know. But my other point is, well, it's not a ruling on the merits because the court never took jurisdiction over the case. And don't you think that's a pretty good signal as well? Maybe, maybe not, because the issue is entirely different in that Seventh Circuit case. That was all about whether actually the guilty plea itself, not the plea. Yes, it's true. They are different, but the scope of this sentence is not. Yes, they're different. I think it's possible one of them would change their mind after briefing on the merits. That's why the court has briefing on the merits. That issue just really wasn't explored in the cert petition and certainly not in the government's response, which was just simply asking the court to grant vacay or remand. All right. Anything further? Thank you. Judge Motz, Judge Keenan, do you have any further questions? No, thank you. Mr. Enright. Thank you, Your Honor. May it please the court, Anthony Enright for the United States. If this report properly dismissed McKinney's 2255 motion because his guilty plea resolved a valid 924C charge of which he is undisputedly guilty. I will talk about procedural default first. As he's pled guilty to it, that's how he's undisputably guilty. I'm sorry, Your Honor. He pled guilty to it or there was a jury trial? How is he undisputedly guilty? He's undisputedly guilty. The defense has not disputed that he is guilty of that offense. From the acceptance of responsibility of point at sentencing through today. And, in fact, the defense filed a brief as recently as August saying, I have no reason to dispute the district court's finding that the outcome would have been the same had he raised this issue during his criminal case. I don't think the defense has ever disputed his guilt of possession of a firearm in furtherance of a substantive Hobbs Act robbery, which remains a crime and a crime of violence today. And I think that's highly relevant because it's relevant to the procedural default question. You do have to show prejudice. There's a big difference between. I agree. There's a difference between innocence and prejudice. Prejudice refers to is the outcome. Would the outcome have been. Would it possibly have been during the defendants would have to have the burden there and you have to show actual prejudice. And under either standard, if you if the question is, would he have been convicted after a trial? Then he can't show prejudice because he doesn't dispute facts that would establish his guilt. His most recent is August brief actually concedes that he would have been convicted. And if the question is, is there a reasonable probability that he would have pleaded guilty in any event, then the answer is the same. He received he did receive a good deal. He received three points off of his guideline score for acceptance of responsibility and the dismissal of one count in exchange for his plea of guilt. And had he proceeded to trial, he wouldn't have receded either of those things. He would have had to proceed to trial under the original indictment, which charged three valid offenses, including a 924 C predicated on substantive object property property. I'm not certain exactly what the standard for prejudice is here. It seems to me that the absence of prejudice could rest on two multiple theories. Number one, the undisputed evidence at the at the in the pre-sentence report and being, you know, just just right at the heart of 924 C. But prejudice could also be indicated by the lack of prejudice can also be indicated by the fact that the government would not have consented to the dismissal of the substantive object count. If the defendant had refused to plead to Hobbs Act conspiracy, in which case the government, the defendant would have been conceivably in a worse position, but in any event, and no more advantageous position. But it seems to me that whether you're looking at it through the possibility of the outcome of trial or whether you're looking about it as to the likelihood that the government would not have dismissed the substantive Hobbs Act count had there been no plea to the Hobbs Act conspiracy. It seems to me it's one of those cases where all roads lead to Rome and you and you and you and you come back to the same to the same place, no matter which theory of prejudice you you wish to use. I wondered whether you had one theory of one, whether you preferred one of those views of prejudice to the to the other, or whether you whether you plead them both, whether you argue them both. What is it? I agree with that, Your Honor. What do you agree with? What, what is your, what is the prejudice here? I bet I didn't understand your answer. I apologize, Your Honor. My answer is that all roads lead to the same outcome. Okay. So I thought that he said there were two roads. Is that right? Are those all roads? I believe so. Your Honor. Well, there's the two I mentioned before. And then there's the one Judge Wilkinson mentioned, which is would we have dismissed the valid charge if not for the plea of guilty? And the answer is no, we would not have. We made that explicit in the plea agreement. We dismissed the valid 924C charge only because he agreed to plead guilty to a 924C predicated on conspiracy. And if that's the measure of prejudice, he cannot show prejudice. If the measure of prejudice is success at trial, he cannot show prejudice. If the measure of prejudice is a reasonable probability that he would not have pleaded guilty, he still cannot show prejudice because he has to show that there would have been, it would have been rational to plead guilty. Well, how do we know that he would have pleaded guilty? That's what's bothering me about the if this hadn't happened, then this would have happened. Because using that as a legal analysis, I agree with you that, you know, this is a, and as Judge Wilkinson said, you know, we've got a procedural bar issue. We've got a waiver. And we've got a guy who did some pretty bad things. I mean, really bad. So, you know, it's complex. But I'm really worried about us writing opinions based on if this had not happened, then this would have happened, then that would have happened. How do we know? Okay. Logically, from the government's perspective, he would have been in a position where he was facing this charge and he would have had to plead guilty. But we don't know that. And I'm just worried about how the opinion is going to write if we go that route. I understand that, Your Honor. And it's certainly a concern. I don't know that this court, I mean, I'll talk about there's another way to answer this question, which is under the appellate waiver. But in terms of prejudice, because it requires actual prejudice from an error that occurred 10 years ago in this case, I'm not sure there's a way to avoid what-if analysis completely. But the case law gives us some answers. When we're talking about prejudice in the context of ineffective assistance to counsel, we ask whether it would have been rational. But Judge Keenan makes a good point in the sense that we shouldn't be stating definitively what this would have been or what that would have been because you get into the crystal ball gazing by doing that kind of thing. And if you, you know, on the other hand, the reasonable probability test requires a certain amount of forecasting and any withdrawal of a guilty plea involves a certain amount of forecasting. But it does seem to me to phrase this in the light, if this did happen, he would have been in this position. And that's different from saying, well, this would have happened, this would have happened, this would have happened, if, if, if, if. You just say, well, here's the position he would have been in. And then you draw the very practical conclusion from that. And we have, Your Honor, in this case, which is unusual, we have unusually good evidence of what the defendant would have done had he never been offered the opportunity to plead guilty to the indictment that contains, or the information. There's an information and an indictment case. He was given the opportunity to plead guilty to an information that contained the 924C predicated on conspiracy. And we know what he would have done with the 924C charge in the indictment, which is the valid charge. Because he told the district court twice under oath, yeah, I want to plead guilty to that after being informed correctly of the elements and being read that charge twice under oath. And that second one especially was aborted because the district court said, are you sure government do you want to make this deal? After that second one was aborted, the defense filed a letter to the district court saying, we didn't ask to get out of this plea, we think it can be worked out, we still think this is a plea. And all of that occurred at a time when the information, the charging document contains the 924C predicated on conspiracy, had not been filed. That wasn't an option on the table. So when the only option on the table was pleading guilty or going to trial on a 924C predicated on a substantive fact, the valid fact, the defense said twice, through from his own mouth, and once through his attorney, and twice in written theory, that he was indeed willing to plead guilty. So we have pretty good evidence, above average in most cases, that he indeed would have pleaded guilty. It also would have been objectively reasonable, too, because in light of his decision not to dispute the fact, he wouldn't have received acceptance of responsibility. I suppose there's a general, excuse me, Judge Botts, go ahead. I can wait my turn. No, go ahead. I was just going to ask you, how do you figure in what we said in Adams, that a sentence based on a conviction that became erroneous due to intervening law, we have here, can still do prejudice even if the sentence would not change? Well, Your Honor, in that case, there was a conviction that would have been void, and the court went on in detail about how convictions are prejudicial even if there's no sentence that attaches to it, because of collateral consequences and because of the special assessment. Here it's a different case, because I'm not, we don't have a situation where the answer would be, had this been raised before, the 924C would have just gone away. Had this issue been raised before, that 924C would have gone away, but another 924C, based on the same course of conduct, same gun conduct, would have been in play. That would have, the same consequences would have attached to that. He would stand today convicted of a 924C, and he would stand today subject to that same special assessment, because They would be different problems. Well, Your Honor, I'm not even Well, sometimes the government charges them in different accounts. They're not different crimes, but they're doing it. They are, but Adams made this point too, is what we're talking about is whether they're under the same course of conduct. It defined factual innocence, and I'll turn to that issue now, because even if there's no procedural default here, there still is appellate waiver, and cause and prejudice isn't an excuse for an appellate waiver. You need a miscarriage of justice in the form of actual innocence as defined by Adams. And I think Adams makes the fact that he committed another 924C, predicated on the Substantive Hubs Act, despicable. Because Adams defined factual innocence as it's impossible for the government to prove a violation of the statute. Right there it was 922G, here it's 924C, and it was impossible in Adams because there was no 922G predicate, valid predicate in existence that the government could approve. Here, in our case, we have a valid 924C predicate that we absolutely can and would have approved had the defendant elected to go to trial instead of pleading guilty. So it's basically the inverse of Adams, and under Adams you can't establish factual innocence. McKinney can't establish factual innocence. McKinney also went further when you're talking about specifically a 924C. It discussed what Boozley had said about 924C. There, the defense had pleaded guilty to use of a firearm in furtherance of a crime of violence. The government came back and said, well, then he needs to prove that he's innocent of carrying a firearm in furtherance of a crime of violence. And Boozley rejected that because there was no evidence the government had foregone a carriage charge in exchange for that use plea. So he cannot establish actual innocence. No, I don't. I think you're right about that. Your Honor. I was back on prejudice. Oh, I appreciate that, Your Honor, but the actual innocence is dispositive under the waiver. Well, yes, the waiver is, there's a Fourth Circuit law on the waiver and the other things that you say do away with this, but I don't think it's very helpful to you. Well, I'm happy to address that, Your Honor. I'll go through what, certainly what Ms., I'll answer anything this court wants, certainly, but I'll go through the decisions. Could you address Cornett? Sure, Your Honor. Cornett applied the, there's a well-established exception for sentencing above the statutory maximum, and Cornett applied that to a sentence error based on Johnson. Did not extend it to convictions, and really couldn't have, because this court's longstanding precedent, going back to at least Willis in 1993, but before that, holds that you can waive the right to argue, well, my conduct is outside the scope of the conviction. Law is not that anything that's an error that would prevent the defendant from sentencing you is unwaivable. Otherwise, that would mean that the Supreme Court precedent saying an indictment is waivable, or a jury trial is waivable, would be actually unwaivable, because all of those things are necessary for the court to sentence somebody legally, unless you waive them. The same issue attends Beck, which is even further afield. Beck specifically addressed the situation where the statute itself doesn't contain any offense of any kind of any scope. That's not what we have here, because 924C, everyone agrees there's some crime defined by 924C. Beck even specifically distinguished Willis and other decisions, talking about, well, my conduct, where the argument is my conduct is outside the scope of the statute. So I don't think those cases... How can a court legally sentence somebody who has been convicted of a crime that is no longer a crime? They can, Your Honor, only because of the waiver. Because the waiver makes that guilty. I guess it gives me a level of discomfort. I understand. You know, that we'll check off on this case. I agree with you. You know, this is serious conduct here. But we just check off on this case when we have somebody who was sentenced for a constitutionally invalid conviction. I understand that concern very much. And I think that is what the miscarriage of justice exception is designed to do. Because it doesn't look at things like contracts. It looks at things like, well, look, in the real world, do we have somebody who didn't commit a crime being sentenced and put in jail, even though they didn't do anything wrong? And that's what it's for, is to solve that problem. But that miscarriage of justice exception doesn't help Mr. McKinney, because in his case, he doesn't have a miscarriage of justice, either in the colloquial sense of the term or in the legal sense of the term under Boosley and Adams. And for that reason, I think this court should affirm the district court's decision rejecting this point. I don't want to belabor the point. I want to mention one thing, because it's so critically important. If you disagree with me about everything I've said or everything else here, I'd like to point out that the district court proceeded with jurisdiction over his original case. It proceeded what? With jurisdiction, with subject matter jurisdiction over his original case. I don't think we granted a certificate of guillibility on the jurisdiction request. That was going to be what I was going to mention. I can understand it arguably being antecedent to those. It's so important. I didn't want to sit down without mentioning it. We did address it in our brief. I think Supreme Court precedent is clear. And with that, if this court has no further questions. Well, actually, I've got one. Oh, happy to answer you. So are you saying that if you've got a guilty plea that cause and prejudice analysis doesn't really work as it ordinarily would? In other words, that you have to adopt a whole different analytical viewpoint? Well, I don't know that it doesn't work. I think the fundamental questions are the same. Did you have pause in the sense that, you know, were the tools legally available to you? Right. Let's get to the prejudice. It seems to me that what you're saying is when you've got a guilty plea, you can use a different analysis. The what if, what if, what if. And that's OK because it was a guilty plea. And you're saying no. I think that it's more than that because we know exactly what he would have pleaded guilty to. We have a record. And that makes it different in this case. I don't know. I think that makes it easier in this case. But I think the fundamental question, whether you have a trial, whether you have a guilty plea, whether it's an easy or hard question, I think the fundamental question is the same. Did he suffer actual prejudice from the alleged error? If the error had been ferreted out early on, would he be in the same position or would the outcome have been different? But when we talk about prejudice in this context, we've talked about the fact that you've been convicted of something that's not a crime. And that's where we've ended the inquiry. So nobody has said you must go and see if you could be convicted of something that isn't a crime. That's true, Your Honor. But I think the reason for that is it's not been presented. In every single one of the decisions we've seen like that. And it's a fair point. It's a fair point in Adams. And, like, that's the end of the inquiry because there's no other question. He was convicted. He was charged with one crime. Well, we don't know that. We don't know that there was they could have had a record just like yours. Oh, sure. But they would have had to raise it. We would have had to raise the issues. And if we didn't raise the issues. Every now and again, the government. I'm keenly aware, probably responsible for many of them myself. But when it happens, the court doesn't create a precedent. So the question. No, but it's unusual. We have done a lot of these cases. It's never come up. And a lot of these people are really bad people that have been convicted of multiple crimes. Well, there is a reason for that, Your Honor. We don't raise either the procedural defenses or appellate waivers or post-conviction waivers as a matter of policy ordinarily. When somebody only has a 924C predicate that's now Davis. And it's surprisingly rare that we have foregone an equally serious 924C charge or other charge in exchange for one. I thought it was a little bit more common than it seems to be. I think that's why you don't see many. But when you do see one, I think the actual prejudice inquiry still asks will the outcome have been the same. And I see my time is up. So if there's no further questions. No further questions. Did you want to address the 20HA letter? Oh, certainly, Your Honor. I'm just thinking you might want to have. I'm happy to do that. Jackson, I don't think really helps the defense because it doesn't address a guilty plea scenario. And I did point out that the waiver doesn't, the validity of the appellate waiver doesn't turn on cause and prejudice. So he needs to show actual innocence for that. But I think every other circuit that has addressed the issue squarely, some haven't addressed it squarely, because we don't always assert the waiver, has held that in this type of a scenario where someone could be charged with, someone could have been charged and convicted of a 924C based on a Hobbs Act robbery, but they pleaded guilty to an invalid predicate under Davis. They're not allowed to escape their way or to join that emerging consensus. And so I support to affirm the decision. Anything further, Judge Motz? No, sir. Judge Keenan, anything further? No, thanks. Thank you very much, Ms. Danwright. Ms. Hester, you have some rebuttal time. For the government, all roads lead to the question whether McKinney is actually guilty of equally serious dismiss charges, which is Lewis v. Peterson case. But that analysis doesn't apply under Beck or under Jackson. It doesn't apply under Beck because this court has a long line of cases going back to 1992, saying that when this court takes action without authority, that that is outside the scope of an appeal. And that applies to sentences, restitution, any action that the court takes that is outside its authority. And in this case, convicting somebody under a statutory provision that is certainly outside the court's authority because it lacks the authority of the U.S. Constitution to convict somebody under that statute. And that is the reason why the appeal waiver doesn't apply here. And that is totally separate and apart from any analysis of actual innocence under Adams. That is a totally different line. But that's a legal innocence claim, isn't it? It doesn't matter. Brownsley says it's not enough. It doesn't matter whether it's legal or factual innocence because that whole line of cases under Adams is the miscarriage of justice exception to appeal waivers, which is a completely different line of cases than the Cornett and Beck going back to the Marin case, which talks about whether the district court actually had authority to take the action that it had. And this court has consistently held that when the court takes action outside its authority, that that is outside the scope of the appeal. You're not going to talk about prejudice? Well, we can talk about prejudice because, again, I think that the government is trying to backstore this Lewis v. Peterson analysis into the prejudice analysis instead of taking it outside of the actual innocence exception under Basley. And I think that we have to be careful to make sure that those two things are something different. Isn't the problem really in this case is that you're arguing prejudice is something different from what opposing counsel is arguing? Yes, that's definitely true. I mean, you're saying it stops with the fact that the court took action without authority. It imposed an invalid conviction and sentence. Yes. And Mr. Enright saying, no, that's not the prejudice. Now, you look to the whole context of the multiple offenses, what took place in this case. So I guess we have to decide it's a threshold matter. What is the prejudice? What is prejudice? And why is your theory of what is prejudice correct and his is not? Correct. But I didn't have a theory. Do you have any authority that you could suggest to me? Well, the United States versus Garcia, which is the 10th Circuit case, which is unpublished, which says that an unconstitutional conviction is an actual and substantial disadvantage. And then, of course, there are lots of disreport cases saying that as well. And I think that's one of the reasons why this hasn't bubbled up to the circuits already. But then a second point is like we even have an alternative to that, which is that the standard is what Judge Wilkinson said. And the guilty plea context, borrowing that from ineffective assistance to counsel, would this defendant have pleaded guilty absent the district court's mistake? We know from looking at the transcripts of the failed guilty pleas in this case that that wouldn't have happened. And in particular, the second guilty plea hearing that failed, the reason you can tell from reading, the reason it failed is because nobody had actually read the indictment until they got into court. And when the magistrate was reading that third count, he looked up and said, wait a minute. We don't have an agreement here, do we? And the prosecutor agreed. No, we don't have an agreement because this defendant is not willing to plead guilty to such and such. You know, I'm not sure, counsel, that you're asking us to confront a global question about whether there can be prejudice where someone has pled to something where the predicate is no longer valid in the sense that Hobbs Act conspiracy is no longer a crime of violence. But I'm not sure we need to pose the question in an absolute or global way. I think it really, all of these questions boil down, it seems to me, to a practical examination of the particular facts. And I don't feel, for myself, I don't feel a need to make, well, this can never happen or whatever. I think it just depends on the facts of the case and how strong the case against the defendant is and what the terms of the plea bargain are and whether the parties spelled out their intentions sufficiently and whether the facts of the case are in dispute. But I don't see this in global terms. I see it as a very practical inquiry hinging on the facts and circumstances here. And in light of those facts and circumstances, I must say, I think you've got a difficult challenge. But I don't, I wouldn't reject the challenge by saying, well, there can never be prejudice in a situation where a 924c predicate was subsequently ruled an invalid predicate. To me, that poses the question at a more general level than I feel, than I feel a need to go. I just think that the thing that makes it hard, from your perspective, is not some large legal proposition, but the specific facts surrounding the plea bargain, surrounding the dismissed charge, surrounding the parties' views of their intention. It seems to me that there's a kind of thing where it's easy to go at it narrowly. At least I hope so, because I don't know that I feel comfortable with a very broad pronouncement. That's the difficulty I'm having, is I think the facts, I think the facts are tough for you. I think Judge Wilkinson has pointed out exactly what the difference is. Would you agree that we need to look at the facts to make the assessment about prejudice? I think that that is an alternative way to get to it. I do think that just simply the fact that he is convicted under an unconstitutional statute in itself is prejudicial. But I think alternatively, if the court is going to look at the facts, it has to look at the failed plea hearings in this case, because it is clear that the magistrate and the people involved did not think that Mr. McKinney was willing to plead. I do remember your argument in court. But what I'm asking you is, is it equally valid to do the approach that Judge Wilkinson has so eloquently laid out, or is it your conviction that when we have a conviction that is subsequently not of a crime, that that in and of itself constitutes prejudice, being convicted of something that's not a crime? I think that there's no controlling precedent either way. I think that that's the court's decision to make. Our position certainly is that the conviction itself is enough. But alternatively, if the court looks at the record in this case, it is really easy for the court to make a one-off evaluation of the facts in this case, because they are so unusual with these two failed guilty plea attempts. It's clear that his lawyer was afraid that he was about to enter a plea that wasn't knowing and intelligent, and the magistrate judge was too. And they were just trying to be very careful to make sure that this defendant with a tenth-grade education fully understood what he was pleading guilty to, and that's their job. And that's why the court pulled it in the second plea hearing, when he read the count that didn't have both predicate offenses alleged in it, and said, wait a minute, I don't think we have an agreement, because I don't think this is what the defendant thought he was going to plead guilty to. Any further questions? How did that go to the next step? The next step was they suspended the plea hearing and let the parties get back together, because they're actually the prosecutor. The second plea hearing was a duty attorney, not the attorney. So anyway, they needed to go back and talk to the attorney who's actually managing the case, and then after that second one, they worked out this process of the information to allow him to plead guilty to the conspiracy and the 924c predicated on the conspiracy. I don't understand how that changes it. Well, what it changes is it demonstrates that he actually really had a problem with pleading guilty to the substantive hot-sack robbery and the 924c predicated on it, and the court and the lawyers were just trying to make sure that he understood why he was pleading guilty. Thank you very much. I want to thank you, Ms. Hester, and Mr. Enright for your arguments. They've both been fine arguments, and we appreciate it. We will adjourn court and take a five-minute recess before convening in conference. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: J. Harvie Wilkinson III, Diana Gribbon Motz, Barbara Milano Keenan